In the Matter of the Compensation
of Brock Weidman, Claimant.

## WEIDMAN,
*Petitioner,*

*v.*

## UNION CARBIDE CORPORATION et al,
*Respondents.*

(WCB Case No. 81-04440, CA A23955)

650 P2d 1084

Richard W. Condon, Salem, argued the cause and filed the briefs for petitioner.

Noreen K. Saltveit, Portland, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This is an appeal from an order of the Workers' Compensation Board denying compensation. Claimant contends that he carried his burden to prove that his compensable on-the-job injury was a material contributing cause of his present disabling condition. We review *de novo,* ORS 656.298(6), and reverse.

On October 3, 1980, claimant was injured while pushing a wheelbarrow loaded with sand up a ramp. The wheelbarrow lodged in the ramp and flipped claimant sideways, which resulted in a back injury. After reporting the incident to his foreman, he continued to work with some pain for an additional hour and 45 minutes because the crew was shorthanded. The back pain continued, which prevented claimant from finishing the shift, and he was sent home early. The next day he performed light duty. The following day he did not work due to soreness and discomfort in his low back. On October 6, claimant, along with 80 other employees, was laid off. He has not worked since.

Claimant and his wife testified that the soreness in his back continued over the next few months in varying degrees. He limited his activities but did not feel it was necessary to see a doctor. Claimant did seek medical attention, however, in March, 1981, when his condition significantly worsened and he began to experience pain down his right leg. Dr. Held, the treating chiropractor, diagnosed a lumbar sprain with muscle spasm and radiculitis of the right sciatic plexus. He concluded that claimant had a pre-existing spondylolisthesis that was stable at the time of the accident. He was of the opinion that the injury in October resulted in the symptoms he observed in March. After treating claimant without success, Dr. Held referred him to Dr. Bell, a neurologist, who diagnosed a "soft tissue injury to the back." Claimant subsequently submitted to an independent medical examination by the carrier's physician, Dr. Pasquesi, an orthopedist, who reported:

> "Some event, whether documented by the patient or not probably made the spondylolisthesis and spondylolysis symptomatic rather than the sprain superimposed upon these areas which is estimated to have occurred on 10-3-80.
>
> "* * * * *

"In my opinion the patient's treatment has been in relationship to the worsening of this patient's pre-existing condition due to developmental problems rather than a previous strain."

The referee found both claimant and his wife credible but adopted Dr. Pasquesi's theory of causation, concluding that claimant's disability was the result of a natural progression of the pre-existing condition rather than the industrial injury. The Board affirmed the referee's opinion and order, concluding that claimant had not sustained his burden of proof. We do not agree:

■ Claimant has the burden of proving that the compensable injury was a material contributing cause to his worsened condition at the time it required medical care. *See Grable v. Weyerhaeuser,* 291 Or 387, 631 P2d 768 (1981). Claimant had not experienced any back problems before his injury on October 3. Although he had a weakened spine (spondylolisthesis and spondylolysis), that condition was stable and asymptomatic before the accident. The referee found credible claimant's and his wife's testimony regarding the sequence of events immediately following the accident and the progressive deterioration of claimant's condition. There is no evidence of an "independent, intervening" nonindustrial cause of claimant's condition.

■ In light of these facts, we find Dr. Pasquesi's conclusion unpersuasive. It appears that the doctor was unaware that claimant had missed work because of the accident. He reported, "* * * Patient apparently did sustain a low back injury which did not necessitate his losing time from work * * *." Nor is there any indication that he was aware that claimant's back had been symptomatic since the date of the injury. Furthermore, his opinion appears to be based on inconsistent theories of causation: the occurrence of an intervening "undocumented" event and the natural progression of a pre-existing condition. These deficiencies severely diluted the strength of his opinion. *Foley v. SAIF,* 29 Or App 151, 156-57, 562 P2d 593 (1977).

In contrast, Dr. Held had treated claimant over a three-month period before preparation of his report and provided an accurate case history and an unequivocal relationship between the October injury and the March symptoms. We disagree with the Board's characterization that

this report is nothing more than a "bald conclusion." *See Hamlin v. Roseburg Lumber,* 30 Or App 615, 567 P2d 612 (1977). We are persuaded, as was the dissenting member of the board, that claimant has carried his burden of proving that the on-the-job injury was a material contributing cause (if not the sole cause) of his back condition in March, 1981.

Reversed and remanded with instructions that the claim be accepted.